**Jaspan Schlesinger LLP**
300 Garden City Plaza
Garden City, New York 11530
Telephone: (516) 746-8000
Fax: (516) 393-8282
Steven R. Schlesinger, Esq.
Shannon Anne Scott, Esq.
e-mail: sscott@jaspanllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE:                                         Chapter 11

HERBERT G. LINDO,                              Case No. 10-13717 (SMB)

------------------------------------------------------------X

## SECOND AMENDED APPLICATION TO EMPLOY JASPAN SCHLESINGER LLP AS COUNSEL TO THE CHAPTER 11 DEBTOR-IN-POSSESSION NUNC PRO TUNC FROM MAY 5, 2011

The application of Herbert G. Lindo, the debtor and debtor-in-possession (the "Debtor"), respectfully alleges as follows:

### BACKGROUND

1. On July 13, 2010 (the "Filing Date"), the Debtor filed a petition (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. By Notice of Appointment, Richard E. O'Connell was appointed the Chapter 7 trustee of the estate ("Trustee") and duly qualified as the permanent trustee in the Debtor's Chapter 7 case.

3. As of the Filing Date, the Debtor was represented by Brian Figeroux, Esq. of Figeroux & Associates.

4. By an application to substitute counsel of record for the Debtor in the Debtor's main bankruptcy case and related adversary proceeding no. 10-03874 entitled Richard E.

O'Connell, Chapter 7 Trustee of Herbert G. Lindo v. Lindo (the "Adversary Proceeding") the Debtor sought a substitution of counsel, on consent, from Figeroux and Associates to Jaspan Schlesinger LLP ("JS"). [See Docket Entry No. 41].

5. By a "so Ordered" stipulation signed on January 31, 2011, the Court allowed JS to substitute as counsel of record for the Debtor. [See Docket Entry No. 43].

6. By a motion dated February 14, 2011 (the "Motion"), pursuant to 11 U.S.C. §§ 105 and 706 and Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor sought the entry of an Order scheduling a hearing on shortened notice to request the entry of an Order converting the Debtor's Chapter 7 case to Chapter 11 and to allow the Debtor to regain possession of a taxi cab and medallion ("Medallion") in the possession of the Trustee, as a debtor in possession, pending the confirmation of the Debtor's proposed Chapter 11 plan. [Docket No. 45].

7. The Trustee submitted a Memorandum of Law in Opposition to the Motion on February 23, 2011 (the "Trustee's Opposition") [Docket Entry No. 47].

8. The Debtor submitted a reply, dated February 23, 2011 [Docket No. 50] and supplemental reply to the Trustee's Opposition, dated April 12, 2011 [Docket No. 51].

9. The relief sought in the Motion was heard before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, 1 Bowling Green, New York, New York 10004 on February 24, 2011, March 1, 2011, April 14, 2011 and May 3, 2011 (the "Hearings").

10. The Debtor and his counsel appeared at the Hearings in support of the Motion, counsel to the Trustee appeared at the Hearings in support of the Trustee's Opposition and

counsel to the secured creditor Lomto Federal Credit Union appeared at the Hearings as an interested party.

11. On May 5, 2011 (the "Conversion Date"), the Court entered an Order to Convert Case under Chapter 7 to Chapter 11 and to Allow the Debtor Herbert G. Lindo to Regain Possession of a Taxicab and Medallion from the Chapter 7 Trustee as a Debtor in Possession, which Order incorporates the considerations and conditions of the Chapter 11 conversion (the "Order to Convert"), which was amended on June 1, 2011. The Order to Convert and amended Order is attached as Exhibit "A".

12. Based on the Order to Convert, on or about May 7, 2011, the Debtor re-gained possession of the taxicab and medallion and is presently operating the taxi cab as an individual debtor-in-possession under Chapter 11 of the Bankruptcy Code.

## RELIEF REQUESTED

13. The Debtor seeks Court approval pursuant to sections 327(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules to employ and retain JS as his attorneys under a general retainer to perform the legal services for an arrangement for reorganization under the provisions of Chapter 11 of the Bankruptcy Code *nunc pro tunc* from the Conversion Date of May 5, 2011. The Debtor was informed that each of the attorneys who will be engaged in these services is duly admitted to practice in this Court as well as the Courts of the State of New York. In support of this second amended application, a second amended affidavit of Steven R. Schlesinger, a member of JS is attached hereto as Exhibit "B". A proposed Order is attached hereto as Exhibit "C".

14. The Debtor selected JS because it has had considerable experience in matters of this nature. The Debtor believes that JS is well qualified to act as its attorneys and to represent it as a debtor and debtor-in-possession in this case.

15. The professional services that JS is to render to the Debtor may be summarized as including:

   a. provide legal advice with respect to the debtors powers and duties as a debtor in possession in accordance with the provisions of the Bankruptcy Code;

   b. prepare, on behalf of the Debtor all necessary schedules, applications, motions, answers, orders, reports and other legal documents required by the Bankruptcy Code and the Bankruptcy Rules;

   c. perform all other legal services for the Debtor that may be necessary in connection with the Debtor's attempt to reorganize the Debtor's affairs under the Bankruptcy Code;

   d. assist the Debtor in the development and implementation of a plan of reorganization;

   e. appear before the Bankruptcy Court to protect the interest of the Debtor and to represent the Debtor in all matters pending before the Court; and

   f. attend creditors' meetings;

   g. advise the Debtor in connection with any potential refinancing of secured debt and represent the Debtor in connection with obtaining post-petition financing;

   h. take any step necessary to obtain approval of a disclosure statement and confirmation of a plan of reorganization;

  i. perform all other legal services for the Debtor which may be necessary for the preservation of the Debtor's estate and to promote the best interests of the Debtor, his creditors and the Debtor's estate; and

  j. assess and/or prosecute any claims on behalf of the Debtor's estate.

16. To the best of the Debtor's knowledge, JS has no connection with the Debtor's creditors or any other parties in interest or their respective attorneys.

17. To the best of the Debtor's knowledge, JS represents no interest adverse to the debtor and debtor-in-possession, for this estate, or any other interested person in the matters with respect to which JS is being retained by the Debtor.

18. The Debtor submits that the retention of JS is necessary and is in the best interest of this estate.

19. To the best of the Debtor's knowledge, JS does not hold or represent any interest adverse to the Debtor's estate, JS is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code, and JS's employment is necessary and in the best interest of the Debtor and his estate.

20. Subject to Court approval, compensation will be paid to JS for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. JS's 2011 hourly rates for matters related to the Chapter 11 proceedings are as follows:

| | |
|---|---|
| Partners: | $475 to $540 |
| Associates: | $295 to $410 |
| Paraprofessionals: | $90 to $230 |

21. The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard for services of this nature. These rates are

designed to fairly compensate JS for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

22. JS received a retainer of $1000.00 prior to the Conversion Date from the Debtor, which has been applied to services rendered prior to the Conversion Date and during the Chapter 7 period. Services rendered and expenses incurred prior to the Conversion Date and during the Chapter 7 period by JS amount to approximately $43,000.00. This amount remains outstanding, less the retainer of $1,000.00 previously applied.

23. Further, JS received $500.00 as a retainer to represent the Debtor to perform all other legal services necessary to obtain authority to reorganize the Debtor's affairs under Chapter 11 and in connection with the Debtor's Chapter 11 bankruptcy case. This amount was received after the entry of the Order to Convert, and subsequently returned to the Debtor on August 17, 2011, until such time that the Court authorizes payment to JS of services rendered.

24. Finally, JS received $755.00 for the filing fee of the Motion. This amount was paid towards the filing fee of the Motion, in the ordinary course as applicable to the Debtor's reorganization expenses.

25. JS will be paid for the legal services rendered upon application duly filed with this Court pursuant to Bankruptcy Code §330.

26. The Debtor desires to employ JS pursuant to Bankruptcy Code § 327 because of the legal services needed to effectuate a successful reorganization under Chapter 11 of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests the entry of the annexed order authorizing the Debtor to employ JS *nunc pro tunc* from May 5, 2011, and for such other and further relief that the court deems proper.

Dated: August 17, 2011
       Garden City New York

                                       *s/ Herbert G. Lindo*
                                       Herbert G. Lindo

Dated: August 17, 2011
       Garden City New York

                                       JASPAN SCHLESINGER LLP
                                       *Proposed Attorneys for the Debtor Herbert G. Lindo*

                       By:    *s/ Shannon Anne Scott*
                                  SHANNON ANNE SCOTT, ESQ.
                                  300 Garden City Plaza
                                  Garden City, New York 11530
                                  (516) 746-8000